IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH LYNN PETRY<br>709 Hockley Avenue<br>Lebanon, PA 17042<br><br>        vs.<br><br>JEFFREY A. BEARD<br>Secretary of the Pennsylvania<br>Department of Corrections<br>Camp Hill, PA<br>        and<br>RAYMOND LAWLER, Superintendent,<br>SCI-Huntingdon<br>1100 Pike Street<br>Huntingdon, PA 16654<br>        and<br>MR. HARLOW, Deputy Superintendent,<br>SCI-Huntingdon<br>1100 Pike Street<br>Huntingdon, PA 16654<br>        and<br>KEVIN KAUFFMAN, Captain of<br>Security, SCI-Huntingdon<br>1100 Pike Street<br>Huntingdon, PA 16654<br>        and<br>TIM YUTZEY, Safety Manager,<br>SCI-Huntingdon<br>1100 Pike Street<br>Huntingdon, PA 16654<br>        and<br>LT. KITCHEN, Head of Restricted<br>Tools, SCI-Huntingdon<br>1100 Pike Street<br>Huntingdon, PA 16654<br>        and | Civil Action No.<br><br>JURY TRIAL<br>DEMANDED |

HARRY LYNN, Supervisor, :
SCI-Huntingdon :
1100 Pike Street :
Huntingdon, PA 16654 :
    and :
RUSSELL REED, Supervisor, :
SCI-Huntingdon :
1100 Pike Street :
Huntingdon, PA 16654 :
    and :
JAMES HONSTINE, Supervisor :
SCI-Huntingdon :
1100 Pike Street :
Huntingdon, PA 16654 :
    and :
KURT WILLIAMS, Utilities Plant :
Manager, SCI-Huntingdon :
1100 Pike Street :
Huntingdon, PA 16654 : Attorney ID# 26718

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

### Parties

2. Plaintiff, Keith Lynn Petry, is a resident of

the Commonwealth of Pennsylvania and at all times relevant to this action was an inmate at SCI-Huntingdon, Huntingdon, Pennsylvania.

3.   Defendant, Jeffrey A. Beard is the Secretary of the Pennsylvania Department of Corrections (DOC) responsible for the administration of the state prison system in Pennsylvania, including but not limited to making and enforcing policies, practices and procedures within the prisons as well as providing for adequate training and supervision of correctional staff at facilities such as SCI-Huntingdon.  At all times material, this Defendant acted under color of state law and authority and within the scope of his employment. Defendant Beard is being sued in both his individual and official capacity as an officer, agent and/or employee of the Department of Corrections.

4.   Defendant, Raymond Lawler, at all times relevant hereto was the Superintendent of SCI-Huntingdon.  He is ultimately responsible for making and enforcing polices at SCI-Huntingdon, hiring, training and insuring proper supervision of correctional staff and providing for the safety and

welfare of the inmates incarcerated at SCI-Huntingdon. During all times relevant hereto, Defendant acted under color of state law and within the scope of his employment. He is being sued both individually and in his official capacity as an officer, agent and/or employee of the Department of Corrections.

5. Defendant, Harlow, was at all times relevant hereto the Deputy Superintendent at SCI-Huntingdon. He is responsible for, among other things, conducting internal investigations. During all times relevant hereto, Defendant, Harlow, acted under color of state law and within the scope of his employment. He is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Department of Corrections.

6. Defendant, Kevin Kauffman, at all times relevant hereto was the Captain of Security at SCI-Huntingdon. At all times relevant hereto, he acted under color of state law and within the scope of his employment. He is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Department of Corrections.

7. Defendant, Tim Yutzey, was at all times relevant hereto the Safety Manager at SCI-Huntingdon. At all times relevant hereto, he acted under color of state law and within the scope of his employment. He is being sued both individually and in his official capacity as an officer, agent, and/or employee of the Department of Corrections.

8. Defendant, Lt. Kitchen, was at all times relevant hereto an employee of the Department of Corrections acting as the Head of Restricted Tools at SCI-Huntingdon. At all times relevant hereto, Lt. Kitchen acted under color of state law and within the scope of his employment. Lt. Kitchen is being sued individually and in his official capacity as an officer, agent, and/or employee of the Department of Corrections.

9. Defendant, Harry Lynn, at all times relevant hereto was a Supervisor at SCI-Huntingdon. At all times relevant hereto, Defendant, Lynn, acted under color of state law and within the scope of his employment. Defendant, Lynn, is being sued individually and in his official capacity as an

officer, agent, and/or employee of the Department of Corrections.

10. Defendant, Russell Reed, at all times relevant hereto was a Supervisor at SCI-Huntingdon. At all times relevant hereto, Defendant, Reed, acted under color of state law and within the scope of his employment. Defendant, Reed, is being sued individually and in his official capacity as an officer, agent, and/or employee of the Department of Corrections.

11. Defendant, James Honstine, at all times relevant hereto was a Supervisor at SCI-Huntingdon. At all times relevant hereto, Defendant, Honstine, acted under color of state law and within the scope of his employment. Defendant, Honstine, is being sued individually and in his official capacity as an officer, agent, and/or employee of the Department of Corrections.

12. Defendant, Kurt Williams, at all times relevant hereto was the Utilities Plant Manager at SCI-Huntingdon. At all times relevant hereto, Defendant, Williams, acted under color of state law and

within the scope of his employment.  Defendant, Williams is being sued individually and in his official capacity as an officer, agent, and/or employee of the Department of Corrections.

13.  At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, Keith Petry, of his constitutional and statutory rights.

### Factual Allegations

14.  On November 28, 2007, Plaintiff, Keith Petry, was confined as an inmate at SCI-Huntington.  At approximately 12:30 p.m. on that date, he was preforming his assigned job which included raking the fire in the firebox of boiler number 4, located in the Prison Power house.

15.  The work described in paragraph 14 was a condition of Plaintiff's confinement and part of his punishment for his offense.

16.  Before going into the firebox of boiler number 4, Plaintiff was provided with a coat by Defendant Lynn which was supposed to protect him from the heat and fire in the firebox.

17. The coat which was provided to Plaintiff suddenly burst into flames while he was in the firebox. This resulted in Plaintiff's suffering second and third degree burns on approximately twenty-three percent (23%) of his torso. Plaintiff was burned from the top of his right hip to just under his right arm pit.

18. The coat which was provided to Plaintiff was like coats which had been provided to other inmates, and to Plaintiff himself on prior occasions and had caught fire on multiple occasions prior to November 28, 2007.

19. The coat which was provided to Plaintiff on November 28, 2007 was known by all of the Defendants to be of a quality and type or in a condition which could result in the coat easily catching on fire while being worn in the firebox. This knowledge was gained by the fact that coats of the same type and material or condition as that being worn by the Plaintiff on the day of this incident had caught fire on previous occasions.

20. All Defendants had personal knowledge for a period exceeding one year that the coat which Plaintiff

was given at the time of this accident was likely to burst into flames and cause him severe burns but nevertheless took the affirmative act of directing that the coat be provided to Plaintiff and were deliberately indifferent to a substantial serious risk of harm to the Plaintiff.

21. Defendants, Raymond Lawler, Mr. Harlow, Kevin Kauffman, Tim Yutzey, Lt. Kitchen, Harry Lynn, Russell Reed, James Honstine, and Kurt Williams, acted willfully, deliberately, maliciously, and with reckless disregard for the constitutional and statutory rights of Plaintiff, Keith Petry.

22. All Defendants took the affirmative act of requiring Plaintiff to wear the dangerous coat knowing that the coat was likely to catch on fire.

23. Plaintiff personally complained about the danger of wearing the coat to Defendant, Kitchen, Lynn Reed, Honstine, and Williams before he was injured, but Plaintiff was none the less required to work in the firebox wearing the dangerous coat.

24. As a direct and proximate result of the actions of all Defendants, Plaintiff, Keith Petry, suffered and

continues to suffer physical harm and psychological harm, pain and suffering, some or all of which may be permanent as well as financial losses.

25. All Defendants had direct knowledge that the coats which were being provided to inmates, including the Plaintiff on the day of this incident, were at substantial risk of catching on fire, yet they refused to replace them and required the inmates working in the firebox, including Plaintiff, to continue wearing them.

26. Plaintiff further avers that the above conditions of confinement posed a substantial risk of harm to the Plaintiff of which all of the Defendants were deliberately indifferent.

27. Plaintiff, Keith Petry's injuries were a foreseeable and direct consequence of all the above failures, acts, and omissions by the Defendants.

28. The above described actions of the Defendants were so malicious, intentional and reckless and conscious shocking displayed such a reckless and deliberate indifference to Plaintiff's rights and well-being that punitive damages are warranted.

29. All of the Defendants used their authority to

create a substantial risk of serious harm to the Plaintiff that would not have existed if Plaintiff had not been provided a coat which all Defendants knew was likely to burst into flames while being worn inside the firebox.

30. All of the Defendants were deliberately indifferent to a substantial risk of harm by refusing to provide Plaintiff with safe clothing before compelling him to enter the firebox.

31. All Defendants were deliberately indifferent to the need to provide reasonable safety to the Plaintiff.

32. The conduct of each of the Defendants amounted to the denial of minimal civilized measures of providing safe clothing to the Plaintiff before being compelled to enter the firebox.

### FIRST CAUSE OF ACTION
### FEDERAL CIVIL RIGHTS VIOLATIONS

33. Plaintiff incorporates by reference paragraphs 1 through 32 of the instant Complaint.

34. As a direct and proximate result of all of the Defendants' conduct, committed under color of state law, Plaintiff, Keith Petry, was deprived of his right

to be free from cruel and unusual punishment, to be secure in his person and property, and to due process of law. As a result, Plaintiff, Keith Petry, suffered and continues to suffer harm in violation of his rights under the laws of the Constitution of the United States, in particular the Eighth and Fourteenth Amendments thereof, Article 1 §8 and 9 of the Constitution of the Commonwealth of Pennsylvania and 42 U.S.C. §1983.

35. As a direct and proximate result of the acts of all Defendants, Plaintiff, Keith Petry, sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

### SECOND CAUSE OF ACTION
### POLICY, CUSTOM, PATTERN AND PRACTICE

36. Paragraphs 1 through 35 are incorporated herein by reference as though each was set forth herein at length.

37. The Plaintiff, Keith Petry, believes and therefore avers that Defendant policy makers, Beard, Lawler, and Harlow have adopted and maintained for many years recognized and accepted policies, customs, and

practices within the Department of Corrections and more particularly within SCI-Huntingdon included but not limited to the following, which normally place inmates in dangerous positions and/or increase the risk of danger to inmates such as the Plaintiff, and which ultimately caused and resulted in Plaintiff's being injured.

    a. By failing to provide clothing which reasonably protected inmates who had to enter a firebox;

    b. By failing to appropriately train corrections officers, supervisors and other employees at SCI-Huntingdon;

    c. Failure to give proper consideration to the safety and welfare of inmates who had to work at dangerous jobs such as a job which required the inmate enter a firebox;

    d. Failing to establish a policy or procedure where the protective outerwear which was provided to inmates who had to enter a firebox was inspected to make sure that the protective outer clothing create an

unreasonable risk of injury to the inmate by catching on fire;

e. Having a policy and custom of providing protective outerwear to inmates who had to enter the firebox which had become in and of themselves a substantial danger to the inmates.

f. Having a policy and custom of failing and refusing to replace the protective outerwear when needed to prevent substantial risk of harm to the inmates.

g. Having a policy and custom of providing coats to inmates working in the firebox which they knew created a substantial risk of serious harm;

38. All of the Defendants had been deliberately indifferent to individuals such as the Plaintiff for the reasons set forth above, which deliberate indifference violates the Plaintiff's rights under the eighth and fourteenth amendments of the Constitution of the United States, Article 1, §§ 8 and 9 of the Constitution of the Commonwealth of Pennsylvania, the

laws of the United States and of the Commonwealth of Pennsylvania and was in violation of 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION
## STATE LAW CLAIMS

39. The allegations contained in paragraph 1 through 38 of this Complaint are incorporated herein as though fully set forth at length.

40. The negligence of all Defendants consisted of the following:

    a. Failing to inspect the protective outerwear which was provided to inmates who had to work in the firebox at boiler number 4.

    b. Failing to provide adequate and safe protective outerwear to protect the inmates such as the Plaintiff who had to work in the firebox at boiler room number 4 at SCI-Huntingdon.

    c. Failing to test the protective outerwear which was provided to inmates such as the Plaintiff who had to work in the firebox

    at boiler room number 4.

  d. Failing to replace the protective outerwear when replacement was necessary.

41. Plaintiff demands a jury trial as to each Defendant and as to each count.

WHEREFORE, Plaintiff requests the following relief:

  a. Compensatory damages;

  b. Punitive damages;

  c. Reasonable attorney's fees and costs;

  d. Such other and further relief as appears reasonable and just; and

  e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _/s/ Patrick G. Geckle_____

Patrick G. Geckle
Attorney I.D. No.: PA  26718
PATRICK G. GECKLE, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326
fax: 215-735-3326
E-Mail: pgeckle@pgglaw.com
Counsel for Plaintiff

                **ARCHER & ARCHER, P.C.**

By: /S/ Thomas Archer
     Thomas Archer
     Attorney I.D. PA 73293
     ARCHER & ARCHER, P.C.
     2515 North Front Street
     P.O. Box 5056
     Harrisburg, PA 17110
     717-233-8676
     Associate Counsel for Plaintiff